UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA NAILS,

    Plaintiff,                          Case No. 16-10102
                                       Honorable Nancy G. Edmunds
v.                                    Magistrate Judge Elizabeth A. Stafford

UNITED PARCEL SERVICE, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS THIS
SUIT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

**I.    INTRODUCTION**

On August 14, 2015, Angela Nails filed a *pro se* complaint under 42 U.S.C. § 1983 against defendants Mike Foley, Wesley Romine, Brian O'Connell, and United Parcel Service, Inc., ("UPS") (collectively "defendants") alleging violations of the Fourth and Fourteenth Amendments. [R. 1-2, R. 1-11]. UPS subsequently removed the action to this Court, and the Honorable Nancy G. Edmunds referred it to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). [R. 1; R. 3].

Subsequently, UPS has filed a motion to change venue and/or dismiss, [R. 2], and defendants Romine and O'Connell have filed a motion

to dismiss [R. 5] and a motion to stay consideration of the motion to change venue [R. 6]. These motions were filed in January and early February, and all provided notice to Nails at the address on her complaint. Nails has failed to file a response to any of these motions, now months overdue, and virtually all communications to Nails from this Court have been returned as undeliverable. *See* [R. 9, 12, 14, 15, 16, 18].

Due to Nails's failure to respond to these motions or notify the Court of her change of address as required by E.D. Mich. LR 11.2, the Court ordered Nails to show cause in writing by July 8, 2016, as to why the complaint should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2. [R. 17]. Nails has failed to respond to this order as well.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 41 provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires

us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Indeed, Rule 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir.2008); *see also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) ("[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."). This Court's local rules further provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2.

Here, Nails's failure to notify the Court of her change of address makes it impossible for this case to proceed. Accordingly, dismissal for lack of prosecution is warranted. In light of the removal of this case to

federal court, and Nails's status as a *pro se* plaintiff, dismissal *without prejudice* is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and that all pending motions [R. 2, 5, 6] be deemed **MOOT**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: July 26, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2016.

                                  s/Marlena Williams
                                  MARLENA WILLIAMS
                                  Case Manager